# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

A. JOSEPH RAETANO,

    Plaintiff,

v.                                                    Case No. 8:09-cv-1570-T-30TGW

P-SQUARED FAST LUBE & MORE,
L.L.C.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss and Supporting Memorandum of Law (Dkt. 3) and Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. 7). The Court, having considered the motion, response, and being otherwise advised in the premises, finds that Defendant's Motion to Dismiss (Dkt. 3) must be denied.

## DISCUSSION

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is

plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Defendant argues that Plaintiff's complaint should be dismissed because "Plaintiff cannot credibly claim that he was not able to receive an oil change when it is not necessary to exit the vehicle during the express service," and "Plaintiff has failed to allege an actual future harm." Specifically, Defendant argues that Plaintiff lacks standing to seek an injunction against Defendant for alleged violations of the American with Disabilities Act ("ADA").

To demonstrate standing in federal court under Article III of the ADA a plaintiff must show: (1) that he has suffered an injury in fact that is concrete and particularized and actual and imminent; (2) the injury is fairly traceable to the challenged activity of the Defendant; and (3) it is likely that the injury will be redressed by a favorable decision. Lujan v.

Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Additionally, in cases in which the relief sought is injunctive, a plaintiff must allege "a real and immediate- as opposed to a merely conjectural or hypothetical-threat of future injury." Wooden v. Board of Regents of University System of Georgia, 247 F.3d 1262, 1284 (11th Cir. 2001). Notably, at the pleading stage, a plaintiff's allegation that he "intends to visit the facility again in the near future" is sufficient to allege a real and immediate threat of future injury. Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1239 (11th Cir. 2000).

Plaintiff's complaint sufficiently pleads a cause of action under Article III of the ADA. Defendant's argument that Plaintiff cannot credibly claim that he was unable to use or enjoy the facility goes to the truth of Plaintiff's allegations, an analysis which is inappropriate at the motion to dismiss stage. Moreover, Plaintiff's complaint sufficiently alleges his intent to return to the facility in the near future. Defendant's arguments regarding Plaintiff's standing are more appropriate at the motion for summary judgment stage, after sufficient discovery on the topic, or on a trial on the merits.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Dismiss and Supporting Memorandum of Law (Dkt. 3) is hereby **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 6, 2009.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1570.mtd.frm